## STRAWSER v BOARD OF EDUCATION

Ohio Appeals, 2nd Dist, Franklin Co

No 2152.  Decided Dec 30, 1931

William Harvey Jones, Columbus, for plaintiff.

Messrs. John L. Davies, Columbus, D. W. Wiper, Columbus and E. W. McCormack, Columbus, for defendant.

Mr. Hugh Huntington, Columbus, for the Branch Construction Company.

BY THE COURT

The four members of the board who voted to award the contract to The Branch Construction Company were satisfied that B. F. Smith was not a responsible bidder. The evidence upon which they acted is in the record. In most particulars it is not denied by Mr. Smith. Therefore, we must assume that had he been given an opportunity to appear before the board, as he contends was his right, he could not have changed certain facts upon which the board claims to have acted. It is necessary, therefore, to determine the sole question in the case, whether or not these facts justified the board, in the exercise of sound discretion, in saying by their votes that Mr. Smith was not a responsible bidder.

The undisputed facts respecting Mr. Smith's responsibility are that some four

years ago, and within the personal knowledge of at least two members of the board, Mr. Smith had defaulted in a contract with the board for the construction of an addition to the John Burroughs School, that he did not complete the building, that the bonding company which had assured the performance of the contract took over the job and finished it. That Mr. Smith had stated to Mr. Kromer, the architect and structural engineer of the board of education: "Kromer, I can't fool you—I can't submit a financial statement. I got less than $1000.00." That at the time of the awarding of the contract in question Mr. Smith was a bankrupt; that his case was still pending in the United States Court; that his liabilities had been listed at $25,000.00, with assets of $300.00.

There is further testimony touching the investigation of Mr. Smith's responsibility and unfavorable reports.

We are definitely of the opinion that the admitted facts, which we have heretofore stated, materially relate to and affect the responsibility of a contractor with whom the board of education was about to enter into a contract for the erection of a building to cost more than twenty thousand dollars.

The board did not abuse its discretion in concluding that these facts rendered him a bidder who was not responsible. Therefore, he was not the lowest responsible bidder under the law.

We have read the opinion of Judge Reynolds, who tried this case originally, and find that he has carefully considered the evidence and the law, and has correctly and fairly determined the question, and we adopt his opinion in conjunction with ours in deciding the case.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.